**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

ROBERT G. BOWMAN,

                                     Plaintiff,                        8:19-cv-00097 (BKS/DJS)

v.

HONORABLE CECILY L. MORRIS, Judge-
New York State Family Court for the County
of St. Lawrence,

                                       Defendant.

_____

**Appearances:**

_Plaintiff pro se:_
Robert G. Bowman
Gouverneur, New York

**Hon. Brenda K. Sannes, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

## I. INTRODUCTION

On January 24, 2019, Plaintiff pro se Robert G. Bowman filed this action for declaratory

and injunctive relief naming Honorable Cecily L. Morris, a judge in St. Lawrence County Family

Court, as a defendant. (Dkt. No. 1). This matter was referred to United States Magistrate Judge

Daniel J. Stewart, who, on April 10, 2019, issued a Report-Recommendation recommending,

among other things, that the Complaint be dismissed because the Court lacks subject-matter

jurisdiction. (Dkt. No. 7). Magistrate Judge Stewart concluded that: the Complaint does not

identify a federal statutory right enforceable under 42 U.S.C. § 1983; in any event, under the

_Rooker-Feldman_ doctrine and the domestic-relations exception to federal subject-matter

jurisdiction, this Court does not have jurisdiction to consider Plaintiff's challenge to the St.

Lawrence County Family Court orders; and the *Younger* abstention doctrine prevents this Court from interfering with any ongoing proceedings in St. Lawrence County Family Court. (Dkt. 7, at 5-14). Plaintiff has filed an objection to Magistrate Judge Stewart's determination that this Court lacks jurisdiction. (Dkt. No. 9). For the reasons set forth below, the Report-Recommendation of dismissal for lack of subject-matter jurisdiction is adopted and the Complaint is dismissed.

## II.  STANDARD OF REVIEW

This court reviews de novo those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. 28 U.S.C. § 636(b)(1)(C); *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012). Findings and recommendations for which there was no properly preserved objection are reviewed for clear error. *Id.*

## III.  DISCUSSION

Plaintiff filed this Complaint "seek[ing] to enforce" 42 U.S.C. § 667(b)(2), which allegedly entitles him to the "opportunity to rebut the presumptive child support award" that Plaintiff was ordered to pay. (Dkt. No. 1, at 1). Plaintiff alleges that § 667(b)(2) "confers a personal right upon the plaintiff that is enforceable under [42 U.S.C.] § 1983. (*Id.*). Plaintiff has identified two orders of the St. Lawrence County Family Court ("Family Court"), filed in 2003 and 2007, that he claims should be modified or vacated. (*Id.* at 3). On March 16, 2016, Plaintiff submitted an application to show cause in Family Court, seeking to "modify, terminate, and vacate those parts of the child support order plaintiff was no longer legally obligated to pay," but Defendant Judge Morris denied his application. (*Id.* at 1–2). Plaintiff filed a motion to reargue and renew, which the Family Court denied, and an appeal to the New York Supreme Court's Appellate Division, Third Department, which was dismissed. (*Id.* at 4–6). *St. Lawrence County Support Collection Unit ex. rel. Bowman v. Bowman*, 152 A.D. 3d 899, 899–900 (3d Dep't

2017), *appeal dismissed*, 30 N.Y.3d 1032 (2017).[1] In this action Plaintiff seeks, among other

things, a declaration that Judge Morris's conduct violates 42 U.S.C. § 667(b)(2) and "plaintiff's

right of access to the courts guaranteed by the First Amendment," as well as an injunction

restraining Judge Morris from any further violations of § 667(b)(2).

In a thorough Report-Recommendation, Magistrate Judge Stewart concluded that

§ 667(b)(2) does not create a right that is enforceable under § 1983 and that, even if there were

an enforceable federal right, under the *Rooker-Feldman* doctrine and the domestic-relations

exception to federal subject matter jurisdiction, this Court does not have jurisdiction to consider

Plaintiff's claims. Further, Magistrate Judge Stewart determined that, under the *Younger*

abstention doctrine, the Court must abstain from exercising jurisdiction to interfere with any

ongoing proceedings in Family Court. Magistrate Judge Stewart thus concluded, *inter alia*, that

the Court lacks subject-matter jurisdiction and the Complaint should be dismissed.

Plaintiff argues that Magistrate Judge Stewart erred in concluding that the Complaint is

insufficient to confer jurisdiction. (Dkt. No. 9). Plaintiff himself describes his Complaint as a

challenge to "the Family Courts refusal to allow the plaintiff an opportunity to rebut the

presumptive child support award contained in [the 2003, 2007 and 2011] child support orders as

is mandated by 42 U.S.C. 667[(b)(2)]." (Dkt. No. 9, at 3). For the reasons explained by

Magistrate Judge Stewart, the domestic-relations exception and the *Rooker-Feldman* doctrine

divest this Court of jurisdiction to consider that challenge. (Dkt. No. 7, at 11–13). Plaintiff argues

that *Rooker-Feldman* does not preclude a § 1983 action, citing *Teichmann v. New York*, 769 F.3d

821, 826 (2d Cir. 2014). But *Teichmann* does not provide any support for subject-matter

---

[1] In its recitation of the facts, the Third Department noted that the Family Court "declined to issue the order to show cause, finding that [Plaintiff] failed to file timely written objections to the three [child support] orders . . . and, as to the money judgment, [Plaintiff] failed to establish a reasonable excuse for his default." *Bowman*, 152 A.D. 3d at 899.

jurisdiction here. In *Teichmann*, the Second Circuit affirmed the dismissal of a § 1983 action for failure to state a claim because the defendant prosecutor and other state officials had absolute immunity. Since the plaintiff was seeking to vacate his conviction, the Second Circuit noted that its decision found "additional support in the principle that animates the *Rooker-Feldman* doctrine: namely that federal district courts do not have authority to review the judgments of state courts." *Teichmann*, 769 F.3d at 826. Plaintiff relies on the Court's subsequent statement: that *Rooker-Feldman* "does not preclude a § 1983 action or a hypothetical direct constitutional tort action, against a state official who violates a plaintiff's constitutional rights." *Id.* Indeed, as the Second Circuit later noted, only those § 1983 plaintiffs who "complain of an injury caused by a state judgment" are subject to the *Rooker-Feldman* bar. *McKithen v. Brown*, 481 F.3d 89, 97 (2d Cir. 2007). Here, because Plaintiff's complaint seeks review and rejection of a state court judgment—i.e., a declaration that Judge Morris's orders violated the First Amendment and § 667(b)(2)—his claims are barred by *Rooker-Feldman*.

Plaintiff argues that Magistrate Judge Stewart erred in concluding that § 667(b)(2) does not provide a personal federal right enforceable under 42 U.S.C. § 1983. But the Court need not consider whether Plaintiff has raised a colorable federal claim under § 1983 for the purposes of subject-matter jurisdiction because, regardless of whether § 667(b)(2) creates a personal right enforceable under § 1983, the *Rooker-Feldman* doctrine and the domestic-relations exception divest this Court of jurisdiction to consider Plaintiff's challenge to Judge Morris's decisions. The Court therefore adopts Magistrate Judge Stewart's recommendation that this action be dismissed for lack of subject-matter jurisdiction.

## IV. CONCLUSION

For these reasons, it is hereby

**ORDERED** that Magistrate Judge Stewart's Report-Recommendation (Dkt. No. 7)

recommending that this action be dismissed for lack of subject-matter jurisdiction is

**ADOPTED**; and it is further

  **ORDERED** that Plaintiff's complaint is **DISMISSED** without prejudice for lack of

subject-matter jurisdiction; and it is further

  **ORDERED** that the Clerk serve a copy of this Order on Plaintiff in accordance with the

Local Rules.

  **IT IS SO ORDERED.**

Dated: August 9, 2019
   Syracuse, New York

           Brenda K. Sannes
           U.S. District Judge